IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHASE MCCLURE AND MISHA MCCLURE, INDIVIDUALLY AND AS GUARDIAN OF CHASE MCCLURE, vs. | § § § § § § | CIVIL ACTION NO. _____ |
| LIFE TIME FITNESS, INC. | | |

## NOTICE OF REMOVAL

Notice is hereby given that Defendant LIFE TIME FITNESS, INC. hereby removes this action from the 133rd Judicial District Court of Harris County, Texas, to this Honorable Court pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446 and, as grounds for removal, state as follows:

## STATE COURT ACTION

1. Plaintiffs Chase McClure and Misha McClure, through their counsel Brennen Dunn, filed Plaintiff's Original Petition in the 133rd Judicial District of Harris County, Texas in an action styled *Chase McClure and Misha McClure individually and as Guardian of Chase McClure v. Life Time Fitness, Inc.*, Cause No. 2012-64180 (the "State Court Action"). The State Court Action was filed against Defendant Life Time Fitness, Inc. ("Life Time") on October 26, 2012. Months later, when the Court set the State Court Action for dismissal for want of prosecution, Plaintiffs' counsel promptly proceeded to take a no-answer default judgment against Life Time, despite the fact that Life Time had never been served and the fact that representatives of Life Time had communicated with Plaintiffs' counsel inquiring when he was going to serve them. To this day, Life Time has never been served, and the documents purporting to demonstrate

NOTICE OF REMOVAL – Page 1

service instead reveal that compliance with Texas service requirements was wholly lacking.

2. Despite the lack of service, the trial court granted Plaintiffs a no-answer default judgment on April 1, 2013. Neither Mr. Dunn nor the court clerk nor the Harris County District Clerk ever sent a copy of the Court's Order of April 1, 2013 granting the default judgment to Defendant Life Time, as mandated by Tex.R.Civ.P. 306a(3). As such, the trial court still has plenary power over this case and this removal is proper. *See* Tex.R.Civ.P. 306a(4).

## PAPERS FROM REMOVED ACTION

3. As required by 28 U.S.C. § 1446(a) and Southern District Local Rule 81, this Notice of Removal is accompanied by copies of the following documents:

   a. **Exhibit 1**: Index of Matters Being Filed;

   b. **Exhibit 2**: List of All Counsel of Record;

   c. **Exhibit 3**: State Court Docket Sheet;

   d. **Exhibit 4**: Civil Cover Sheet

   e. **Exhibit 5**: Index of Documents Filed in State Court;

   f. **Exhibit 5-A**: Plaintiff's Original Petition

   g. **Exhibit 5-B**: Citation

   h. **Exhibit 5-C**: Plaintiff's Motion for Default Judgment

   i. **Exhibit 5-D**: Notice of Intent to Dismiss

   j. **Exhibit 5-E**: Notice of Hearing;

   k. **Exhibit 5-F**: Default Judgment;

   l. **Exhibit 5-G**: Request for Abstract of Judgment

m. **Exhibit 5-H**: Motion to Quash Deposition and Subpoena Duces Tecum by Non-Party Witness Christopher Howard;

n. **Exhibit 5-I**: Defendant Life Time Fitness, Inc.'s Motion to Vacate Invalid Judgment;

o. **Exhibit 5-J:** Notice of Hearing;

p. **Exhibit 5-K**: Defendant Life Time Fitness, Inc.'s Motion to Set Aside Default Judgment and Motion for New Trial (and all exhibits thereto);

q. **Exhibit 5-L:** Plaintiff's Response to Defendant Life Time Fitness, Inc.'s Motion to Vacate Invalid Judgment and Request for Sanctions on Defendant;

r. **Exhibit 5-M:** Affidavit Supporting Response of Defendant's Motion to Vacate Invalid Judgment;

s. **Exhibit 5-N:** Verification of Nissa Munger;

t. **Exhibit 5-O:** Defendant Life Time Fitness, Inc.'s Supplement to Its Motion to Set Aside Default Judgment and Motion for New Trial, and Its Motion to Vacate Invalid Judgment (and all exhibits thereto); and

u. **Exhibit 5-P:** Affidavit of Eric J. Buss.

## TIMELINESS OF REMOVAL

4. In accordance with 28 U.S.C. §1446(b), this Notice of Removal has been timely filed. Defendant was never properly served with process, but filed a Motion to Vacate Invalid Judgment with the trial court. This Notice of Removal is being filed within thirty (30) days after Defendant filed its Motion to Vacate Invalid Judgment, and has been filed within one year of the commencement of the State Court Action.

## VENUE

5.   Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending.

## DIVERSITY OF CITIZENSHIP

6.   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

7.   Plaintiffs are natural persons so their citizenship for diversity purposes is determined by "where [they are] domiciled, that is, where [they have] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L; 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  The only Plaintiffs, Chase McClure and Misha McClure, allege they are residents of Humble, Texas.  *See* Exhibit 5; Original Petition paragraphs 2 and 4**.**  Thus, Plaintiffs are residence of Texas.

8.   Defendant Life Time is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota.  A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.  *See* 28 U.S.C. §§ 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  Thus, Life Time is a citizen of Minnesota.

## AMOUNT IN CONTROVERSY

9.   There is now – and there was at the time of commencement of this lawsuit – complete diversity of citizenship among the parties and the amount in controversy is in excess of the jurisdictional minimum of this Court.

10. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional minimum, removal is proper. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-676 (5th Cir. 2003). A defendant can meet this burden if it is "facially apparent" from the petition that the amount in controversy exceeds $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3f 720, 723 (5th Cir. 2002).

11. In this case, Plaintiffs took a no-answer default judgment against Life Time for over $2,000,000 despite never having perfected valid service of Life Time. *See* Exhibit 5; Default Judgment. As such, the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

12. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and this case is within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441 (a) and (b).

## NOTICE OF FILING NOTICE OF REMOVAL

13. In accordance with 28 U.S.C. § 1446(d), Defendant has filed a copy of this Notice with the Clerk of the District Court for the 133rd Judicial District Court of Harris County, Texas to effect this removal.

WHEREFORE, Defendant hereby removes this action to this Court for all future proceedings and trial.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.**

/s/ John G. Browning
JOHN G. BROWNING
TEXAS BAR NO. 03223050
RYAN G. COLE
TEXAS BAR NO. 24028056
901 MAIN STREET, SUITE 4100
DALLAS, TEXAS 75202
(214) 347-4508
(972) 638-9664 Facsimile

***ATTORNEYS FOR DEFENDANT,
LIFE TIME FITNESS, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice of Removal has been forwarded via ECF and/or certified mail, return receipt requested, on this the 20th day of June, 2013 to the following:

Brennan Dunn
Citizen Legal, PLLC
2306 Blodgett Street
Houston, Texas 77004

/s/ *John G. Browning*
**JOHN G. BROWNING**