IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHASE MCCLURE AND MISHA MCCLURE, INDIVIDUALLY AND AS GUARDIAN OF CHASE MCCLURE, | § § § § | |
| vs. | § § § § | CIVIL ACTION<br>NO. 4:13-CV-01794 |
| LIFE TIME FITNESS, INC. | § | |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant Life Time Fitness, Inc. ("Life Time") files its Response in Opposition to Plaintiffs' Emergency Motion to Remand and Request for Expedited Hearing, and shows the Court as follows:

## I.
## INTRODUCTION

Plaintiffs Chase McClure and Misha McClure's Emergency Motion to Remand and Request for Expedited Hearing (the "Motion to Remand") should be denied. First, Texas courts have consistently held that removal is proper when participation in state court proceedings is limited to maintaining the status quo. Thus, Plaintiffs' argument that Life Time waived its right to remove has no merit. Second, Rule 60(b) of the Federal Rules of Civil Procedure vests federal courts with the power to vacate state court judgments. Accordingly, Plaintiffs' comity argument is also meritless. Finally, Life Time properly and timely removed this action to federal court on the basis of diversity jurisdiction. Plaintiffs' accusation that Life Time has engaged in forum manipulation is therefore misplaced and without merit.

# II.
# BACKGROUND FACTS

1. On October 26, 2012, Plaintiffs filed their Original Petition alleging, inter alia, damages for personal injury against Life Time in an action styled *McClure Chase, et al. v. Life Time Fitness, Inc.*, Cause No. 201-64180, in the 133rd District Court, Harris County, Texas ("Damages Action").

2. In "Plaintiff's (sic) Original Petition," Plaintiffs stated that "service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Eric J. Buss, at 2902 Corporate Place, Chanhassen, MN 55317, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested." (Doc. 1-2, pp.2-10).

*Plaintiffs never served Life Time with citation of the Original Petition.*

3. According to the documents on file with the state Court, a Citation addressed to Life Time Fitness' "registered agent Eric J. Buss" at "2902 Corporate Place, Chanhassen, MN 55317" was issued on November 8, 2012. The Officer/Authorized Person Return, filed with the Court on November 29, 2012, reflects the following sworn testimony by process server Christopher Howard, stating the "this citation was executed by him/her in the exact manner recited on this return":

- that the citation and petition were delivered to "Eric Buss, defendant, in person;" and
- that this was executed at "2902 Corporate Place, Chanhassen, MN 55317 at 2:12 p.m. on the 19th day of November 2012."

A true and correct copy of the Citation and Officer's Return on file with the Court are attached to Life Time's Notice of Removal and incorporated by reference (Doc. 1-2, p.

12).  Eric J. Buss was not personally served with the Citation and Petition by Christopher Howard.  Contrary to Howard's sworn testimony, he attempted service by certified mail.  However, instead of serving Eric J. Buss, the green card returned to the Court was signed by Kari Curielli, a receptionist who is neither Life Time's registered agent for service nor its president or vice-president.  The Affidavit of Kari Curielli is attached to Life Time's Notice of Removal (Doc. 1-3, pp. 50-51).

4. As outlined in the Buss Affidavit, Mr. Buss never signed a green card that accompanied the Petition that was allegedly "served" in this case.  The Affidavit of Eric Buss is attached to Life Time's Notice of Removal (Doc. No 1-4, p. 21).  Furthermore, prior to the default judgment being brought to Mr. Buss' attention, he was not aware that service had been attempted on him.  Mr. Buss' affidavit testimony is additional evidence to support Defendant's Motion to Vacate Invalid Judgment and its Motion to Set Aside Invalid Default Judgment and Motion for New Trial.

5. Unaware of an attempt at service, representatives of Life Time continued to communicate or attempt to communicate with counsel for Plaintiffs, Brennan Dunn.  At no time did Mr. Dunn indicate his belief that Defendant had been served, even in response to messages from Life Time's representatives inquiring when they could expect to be served.  While such communications should have clued Mr. Dunn in to the fact that service had not been accomplished, he elected instead to remain silent.  Faced with a dismissal for want of prosecution, Dunn chose to move forward with seeking a default judgment.

*Invalid default judgment*

6. On March 13, 2013, Dunn filed a "Notice of Hearing" indicating that the Default Judgment would be heard on April 1, 2013 at 2:00 p.m. No notice of any such hearing was ever provided to Defendant, even though Dunn was aware that representatives of the Defendant – unaware of any attempt at service, much less a purported default – had been trying to contact him, and despite the fact that Dunn had contact information for Life Time's representatives.

7. Neither Mr. Dunn nor the Harris County District Clerk ever sent a copy of the Court's Order of April 1 granting this default judgment to Defendant Life Time Fitness as mandated by TEX. R. CIV. P. 306a(3). Instead, after repeated unsuccessful attempts to communicate with Dunn, Life Time's representatives contacted their Texas counsel. When counsel for Life Time also received no return phone call from Mr. Dunn, an online search of the Court's record in this matter revealed for the first time the shoddy and defective attempt at service and the existence of the default judgment.

*Writ of Garnishment*

8. On May 10, 2013, Plaintiffs filed an Application for Writ of Garnishment After Judgment ("Garnishment Application) in a garnishment action styled *Chase McClure, et al. v. U.S. Bancorp*, Cause No. 2012-64180-A, in the 133rd District Court, Harris County, Texas (the "Garnishment Action"). *See* Garnishment Application, Doc. No. 1-6[1] in *Chase McClure et al. v. U.S. Bancorp*[2]*,* Case No. 4:13-cv-01676 (the "Federal

---

[1] Life Time respectfully requests that the Court take judicial notice of the documents filed in the Damages Action, Garnishment Action, and in the Court's file. *See Floyd v. Berkebile*, 3:05-CV-2489-M, 2008 WL 153494, at *1 (N.D. Tex. Jan. 15, 2008) (noting that "Courts may take judicial notice of their 'own files and records….'"); *Thomas v. Esquivel*, 959 F.Supp. 396, 398 (N.D. Tex. 1997) ("The court can take judicial notice of its own records."); *Aloe Crème Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records"); *MacMillan Bloedel Limited v. Flintkote Company*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice

Garnishment Action"). Plaintiffs allege that they obtained a $2,013,395.61 judgment against Life Time in the Damages Action.

9. On May 22, 2013, the Harris County District Clerk issued a Writ of Garnishment After Judgment (the "Writ") commanding U.S. Bancorp to file a sworn, written answer on or before 10:00 a.m. on the Monday next following the expiration of twenty days from the date of the service of the Writ.

10. For the reasons stated in U.S. Bancorp's Response in Opposition to Plaintiffs' Motion to Remand, U.S. Bancorp contends it was never served with the Writ and that the "Answer" *filed by Plaintiffs* on its behalf is not a proper answer nor a proper appearance in the Garnishment Action. (Doc. 12 in the Federal Garnishment Action).

11. On June 3, 2013, Plaintiffs filed a Motion for Judgment When Garnishee is Indebted Pursuant to TRCP 668 ( the "Motion for Judgment"). *See* Motion for Judgment, Doc. No. 1-12 in the Federal Garnishment Action). In the Motion for Judgment, Plaintiffs alleged that U.S. Bancorp is indebted to Life Time in the amount of $2,013,395.61, and sought judgment against U.S. Bancorp in that amount. *Id.* The state court in the Garnishment Action ordered U.S. Bancorp to deliver $2,013,395.61 to Plaintiffs because it "appeared" that U.S. Bancorp "admitted" it was "indebted to [Life Time Fitness] in the amount of $2,013,395.61. *See* Order on Motion for Judgment When Garnishee is Indebted Pursuant to TRCP 688 (the "Void Garnishment Order"). *See* Void Garnishment Order, Doc. No. 1-14 in the Federal Garnishment Action).

---

of related proceedings and records in cases before the same court."); *Anderson v. Dallas County*, .No. 3:05-CV-1248-G, 2007 U.S. Dist. LEXIS 28702, at *9 (N.D. Tex. Apr. 18, 2007) ("The Fifth Circuit has determined that a court may take judicial notice of a "document filed in another court…"); FED. R. EVID. 201.

[2] U.S. Bancorp. removed that action to federal court on June 7, 2013.

*Life Time's effort to preserve the status quo in light of invalid default judgment*

12. Upon learning of the entry of the invalid default judgment, Life Time filed a Motion to Vacate Invalid Judgment and a Motion to Set Aside Default Judgment and for New Trial. (Doc. No. 1-3 and 1-4, pp 16-23). Additionally Life Time filed a Motion to Dissolve the Writ of Garnishment in the Federal Garnishment Action. Contrary to Plaintiffs' suggestion in their Motion to Remand, the only motion the state court considered and on which it ruled was in the Garnishment Action as described in this paragraph. The state court did not consider much less rule on, any of Life Time's motions. In fact, Plaintiffs' counsel object to Life Time's Motion to Vacate being heard on June 3, claiming lack of timely notice. Exhibit 2, Transcript from Post Judgment Garnishment Hearing at p. 178:16-20; *see also* 29:23-30:8; 40:15-18; 180:24-186:13 (court only considered garnishment motion).

13. Subsequently, Life Time filed its Notice of Removal on June 20, 2013 (Doc. No. 1), and Plaintiffs filed their Motion to Remand on June 27, 2013 (Doc. No. 3).

## II.
## ARGUMENT AND AUTHORITIES

A. **LIFE TIME'S REMOVAL WAS TIMELY.**

14. Plaintiffs' argument in the Motion to Remand depends on their assertion that Life Time "was served with the original petition on November 19, 2012." See Motion to Remand at p. 2, and generally. Plaintiffs' arguments fail because this assertion is factually and legally incorrect. "The thirty day period to remove a case from state court does not begin to run until after 'simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any

formal service.'" *City of Sachse v. Kan. City Southern*, 564 F. Supp. 2d 649, 654 (E.D. Tex. 2008) (citing *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999); *see also Board of Regents of University of Texas System v. Nippon Tel. & Tel.*, 478 F.3d 274, 278 (5th Cir. 2007). Because "service of process" is defined by state law, there must be compliance with state service rules, including Texas service procedure. *See Cerda v. 2004-EQRI, LLC*, SA-07-CV-632-XR, 2007 WL 2892000 (W.D. Tex. Oct. 1, 2007) *aff'd sub nom. Cerda v. 2004-EQR1, LLC*, 612 F.3d 781 (5th Cir. 2012). Therefore, because it is undisputed that Life Time was never served properly, the deadline to remove this action to federal court could not have expired as alleged by Plaintiffs.

15. Moreover, Plaintiffs' argument that Life Time "knew there was a petition before the court, and actively refused to file an answer should nullify any tolling argument" is contrary to well-settled Texas law. The Texas Supreme Court has explained that even "[a]ctual notice to a defendant," after defective service, is "not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Similarly, the period for removal does not begin until a person authorized to accept service receives a copy of the initial pleading. *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (receipt of pleading by party's attorney was insufficient to start removal period because attorney was not authorized to accept service, removal period commenced upon actual receipt by authorized person of petition). Here, it is undisputed that an authorized person for Life Time has never received a copy of the petition despite multiple attempts to contact Plaintiffs' counsel. Exhibit 1, Munger Declaration. Instead, because an unauthorized

receptionist signed for Plaintiffs' correspondence enclosing the Original Petition, the correspondence was inadvertently filed, and no one authorized to accept service at Life Time had knowledge of it. *Id*. As discussed below, this is the type of inadvertent error Texas law seeks to avoid by requiring strict compliance with rules relating to service.

16. It is well-established in Texas that strict compliance with the rules relating to proper service is required. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). The return of service is not a "trivial formulaic document," and unless the plaintiff strictly complies with the rules relating to proper service, the service is invalid. *Id*. at 152. As one appellate court noted, "[v]irtually any deviation from the statutory requisites for service of process will destroy a default judgment." *Carmona v. Bunzi Distribution*, 76 S.W.3d 566, 568 (Tex. App.-Corpus Christi 2002, no pet.) (cited approvingly by the 1st District Court of Appeals in *Marrot Communications, Inc. v. Town & Country Partnership*, 227 S.W.3d 372 (Tex. App. – Houston [1st District] 2007). The return must identify the exact person who was served. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). When the citation names one person as the defendant's agent for service, but the return shows service on another person, it is a fatal flaw in the service. *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.-Fort Worth 2003, no pet.). **When the return receipt is signed by a person other than the addressee, that is also a fatal flaw that renders the service invalid**. *Keeton v. Currasco*, 53 S.W.3d 13, 18 (Tex. App.-San Antonio 2001, pet. denied). Of course, that is exactly what we have here – a return receipt that was signed not by the addressee, the registered agent, but by someone else. Under Tex. R. Civ .P. 107, the return has to identify the "manner of service," which requires a showing

of not only how the citation was served, **but also that it was actually served on a person capable of accepting service**. *Faggett v. Hargrove*, 921 S.W.2d 274, 276 (Tex. App.—Houston [1st Dist.] 1995, no writ), overruled on other grounds, *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

17. If the defendant is a corporation, the return receipt must be signed by the corporation's president, vice president, or registered agent. Bus. Orgs. Code §§ 5.201(a), (b), 5.255(1); see also *Harmon Truck Lines, Inc. v. Steele*, 836 S.W.2d 262, 264 (Tex. App-Texarkana 1992, writ dismissed). A return that shows "service" on someone who is not the registered agent or otherwise authorized to accept service is evidence that the "service" is defective. *Harvestons Securities, Inc. v. Narnia Investments, Ltd.*, 218 S.W.3d 126 (Tex. App. Houston [14th Dist.] 2007 no pet.) (a similar "no answer" default judgment situation in which the person named in the citation was the Texas Securities Commissioner and the return stated that process was delivered to a "JoAnn Kocerek," a person not shown as authorized to accept process); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (where the return showed service on a "James Barker" with no showing that he was the defendant's registered agent); and *Galan Enter v. G. Wil-Tex Co., Inc.*, 1993 WL 471403 (Tex. App-Houston [1st District] Nov. 18, 1993, no pet.) (concluding service was invalid because the party signing was not a person authorized to accept service).

18. As all of these cases – and others – amply demonstrate, the strict requirements of service are vital. The weight given to the return is no less when the recitations impeach the default judgment than when they support it. *Primate v. Silver*,

884 S.W.2d 151 (Tex. 1994).  A return of citation served by registered or certified mail must contain the return receipt with the addressee's signature.  TEX. R. CIV. P. 107.  If the return receipt is not signed by the addressee, the service of process is defective.  *Keeton v. Currasco*, 53 S.W.3d 13, 18 (Tex. App.-San Antonio 2001, no pet); *Webb v. Oberkampf Supply of Lubbock, Inc.*, 831 S.W.2d 61, 64 (Tex. App.—Amarillo 1992, no writ).

19. Here, the Officer's Return and the certified mail documentation associated with it attest to a comedy of errors that underscores its defective nature.  The process server, Christopher Howard, <u>swears under oath</u> that service was made in person on "Eric Buss" at Life Time's corporate headquarters in Minnesota, yet the documentation shows that service was attempted via certified mail (Mr. Howard never traveled to Minnesota).  The citation names "Eric J. Buss," yet the certified mail is addressed to "Eric Buss," another defect.  Finally, and most importantly, the green card on file with the Court reflects the signature of someone other than the addressee – yet another fatal defect.  The green card indicates that it was signed by Kari Curielli, a receptionist at Life Time's corporate office.  As her Affidavit demonstrates, while Ms. Curielli signed the green card, she is not the registered agent for service of process, is not the president or vice president of Life Time, is not authorized to accept service on behalf of the company, and she is most certainly not Eric J. Buss.  The Affidavit of Kari Curielli is attached to Life Time's Notice of Removal (Doc. 1-3, pp. 50-51) and incorporated herein by reference.

Under well-settled Texas law, the return is flawed, service is defective, and the removal period did not begin when Ms. Curielli signed the green card and inadvertently

filed the Original Petition without giving it to a person authorized to accept service for Life Time.

20. It is troubling indeed that Mr. Dunn would represent to the Court that service had been accomplished when even a superficial examination of the service documentation would have revealed its defects. And even though process server Christopher Howard swore under oath at least two things that were not true – that he served Eric Buss "in person" on November 19, 2012 in Chanhassen, Minnesota, and that the person who signed the return receipt was the addressee Eric J. Buss – Mr. Dunn never took steps to rectify this error. In fact, even after being informed via letter of the defects in service, Mr. Dunn not only failed to bring these mistakes to the Court's attention, he communicated with Mr. Howard and instructed him not to reveal or testify about the defective service.

**B.  LIFE TIME'S LIMITED ACTIVITY IN STATE COURT DOES NOT WAIVE ITS RIGHT TO REMOVAL.**

21. Life Time did nothing more than attempt to maintain the status quo by protecting itself from the enforcement of an invalid judgment in state court; therefore, none of its actions in state court waives its right to removal. To waive a right of removal, a defendant must take "substantial action in state court prior to removal." *Hingst v. Providian Nat. Bank*, 124 F. Supp. 2d 449, 451-52 (S.D. Tex. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3721 (3d ed. 1998). A party's waiver of the right to removal must be clear and unequivocal. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) ("[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits."); *see also Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d

574, 576 (E.D. Tex. 2000) (waiver must be "clear and indicate a specific, positive intent to proceed in state court"). By way of example, courts have found that filing a motion to dismiss or for summary judgment in state court can demonstrate the requisite intent to proceed in state court. *See Johnson v. Heublein*, 227 F.3d 236 (5th Cir. 2000); *DT Apt. Group, LP v. CWCapital, LLC*, No. 3:12-cv-0437-D, 2012 WL 1555450, at *1 (N.D. Tex. May 3, 2012).

22. However, it is well established that filing a motion for new trial to set aside a default judgment does not waive the defendant's right to remove. *See Beighey v. FDIC*, 868, F.2d 776, 782 (5th Cir. 1989); *see also Garcia v. SSP Partners*, No. C-06-385, 2006 WL 2850066, at *6 (S.D. Tex. Oct. 3, 2006) (actions taken for the purpose of preserving the status quo are not sufficient to waive the right to removal). Even actions such as conducting discovery, participating in a temporary injunction hearing, obtaining a temporary injunction, and filing a plea in abatement have all been found insufficient to waive the right to removal. *See, e.g., David K. Young Consulting, LLC v. Arnold*, No. SA-13-CV-149-DAE, 2013 WL 1411654, at *4-5 (W.D. Tex. April 8, 2013) (holding that party did not waive right to remove even though he had filed a petition, filed a plea in abatement, deposed a witness, and obtained a temporary injunction in state court); *Schneider v. Wal-Mart Stores Texas, LLC*, No. SA-12-CV-774-XR, 2012 WL 4754678, at *2 (W.D. Tex. Oct. 4, 2012) (holding that defendant did not waive right to remove by filing special exceptions to clarify damages and engaging in discovery procedures in state court); *Buggs v. GMAC Mortg., L.L.C.*, No. 4:11-CV-641, 2012 WL 609401, at *6 (E.D. Tex. Jan. 19, 2012) (holding that defendant did not waive right to remove by participating in hearing on temporary injunction).

23. Therefore, Life Time's motions to vacate the invalid default judgment and for new trial filed in the Damages Action, and the motion to dissolve the writ of garnishment in the Garnishment Action, are not sufficient to "indicate a specific, positive intent to proceed in state court." *See Jacko*, 121 F. Supp. 2d at 576. Indeed, the defendants in the *Garcia, David K. Young Consulting, LLC, Schneider*, and *Buggs* cases took much more "substantial action" in state court than Life Time did, and the courts in those cases held that the defendants had not waived the right of removal. Accordingly, the case law is clear that none of Life Time's activities in state court operates as a "clear and unequivocal" waiver of the right to removal. Plaintiffs' waiver argument is without merit.

C. **THIS COURT HAS AUTHORITY TO VACATE THE STATE COURT INVALID JUDGMENT.**

24. Plaintiffs argument that removal is improper because final judgment was rendered by the state court is legally misplaced.[3] It is legally misplaced because a "state court judgment in a case properly removed to federal court… can be vacated under Federal Rule of Civil Procedure 60(b)." *Fed. Deposit Ins. Corp. v. Yancey Camp Dev.*, 889 F.2d 647, 648 (5th Cir. 1989); *see also Murray v. Ford Motor Co.*, 770 F.2d 461, 462-63 (5th Cir. 1985) (per curiam) (affirming defendant's Rule 60(b) motion to set aside state-court default judgment entered prior to defendant's removal). Rule 60(b) provides, in relevant part, that the Court may relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "This is a catch-all provision that encompasses circumstances not covered by the other enumerated

---

[3] Plaintiffs' argument is also factually misplaced because the state court judgment was not final for the purpose of changing the judgment because neither Plaintiffs nor the state court clerk gave Life Time notice of the judgment. *See* TEX. R. CIV. P. 306a(1) and (4). Accordingly, the Court maintained its plenary power over the Damages Action at the time of removal.

provisions of Rule 60(b)." *U.S. v. Armstrong*, No. 3:04-cv-1852-H, 2005 WL 937857, at *3 (N.D. Tex. Apr. 21, 2005). Rule 60(b)(6) enables the Court "to grant relief from a final judgment in cases in which such relief is justified but is not explicitly authorized by earlier sections of the Rule." *Yancey Camp Dev.*, 889 F.2d at 648. In other words, "clause (6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses. *Id*.

25. Plaintiffs' reliance on *Oviedo v. Hallbauer*, 655 F.3d 419 (5th Cir. 2011) is misplaced because in that case, the state court judgment was truly final and the judgment was not void on its face. *Id*. at 425. Here, unlike *Oviedo*, the Court maintained its plenary power because Life Time was never served with the default judgment. Also unlike defendants in *Oviedo*, Life Time timely filed a Motion for New Trial and removed the case to federal court before the state court ruled thereon. Accordingly, the facts of the instant case are more analogous to those in *Murray v. Ford Motor Co*. and *Beighley v. FDIC*. The Fifth Circuit in *Oviedo* recognized the distinction between the facts in *Murray, Beighley*, and the instant case compared to those in *Oviedo*, "[i]t is true that… we have allowed the removal of cases… from default judgment as to which a motion to set aside was pending and undecided in the state court, *Murray v. Ford Motor Co*.,770 F.2d 461, 463 (5th Cir. 1985); *Beighley v. FDIC*, 868 F.2d 776 (5th Cir. 1989)." *Id*. at 423. *Oviedo* and the other cases cited for the proposition that truly final state court judgments should not be removed are simply inapposite to the instant case because the state trial court still had plenary power at the time of removal.

26. Contrary to Plaintiffs' argument, this Court is well within its power and right to maintain this action and vacate the judgment of the state court in the Damages

Action. For the same reason, the interests of federalism and comity are not offended by Life Time's removal of this action to federal court based on complete diversity of the parties.

**D. PLAINTIFFS' FORUM MANIPULATION ARGUMENT LACKS MERIT.**

27. Plaintiffs also argue in their Motion to Remand that Life Time is attempting "forum manipulation" in an effort to 'have a different court render a different opinion." Motion to Remand, p. 6. This argument is without merit.

28. Life Time properly removed the Damages Action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiffs fail to demonstrate how properly removing an action to federal court constitutes "forum manipulation." Further, as demonstrated above, the default judgment in the Damages action is void because Life Time was never served with citation of the Original Petition. Therefore the state court never had jurisdiction over Life Time. *Wilson*, 800 S.W.2d at 836.

**IV.
PRAYER**

WHEREFORE, Life Time Fitness, Inc. respectfully requests that the Court deny Plaintiffs' Motion to Remand, and that the Court grant Life Time Fitness, Inc. such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, L.L.P.**

/s/ John G. Browning
JOHN G. BROWNING
Attorney-in-Charge
TEXAS BAR NO. 03223050
S.D. OF TEXAS BAR NO. 11953
RYAN G. COLE
TEXAS BAR NO. 24028056
S.D. OF TEXAS BAR NO. 882355
901 MAIN STREET, SUITE 4100
DALLAS, TEXAS 75202
(214) 347-4508
(972) 638-9664 Facsimile

*ATTORNEYS FOR DEFENDANT,*
*LIFE TIME FITNESS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded via ECF and/or certified mail, return receipt requested, on this the 18th day of July, 2013 to the following:

Brennan Dunn
Citizen Legal, PLLC
2306 Blodgett Street
Houston, Texas 77004

/s/ *John G. Browning*
**JOHN G. BROWNING**