**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHASE McCLURE, *et al.*, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1794 |
| | § | |
| LIFE TIME FITNESS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Chase McClure and Misha McClure, sued Life Time Fitness, Inc. in state court and obtained a default judgment for over $2 million. Life Time Fitness moved to vacate that judgment because service of process was improper and ineffective, and removed to this court. The McClures moved to remand. They also filed a number of other motions relating to efforts to garnish Life Time Fitness's bank accounts to collect the $2 million default judgment. The McClures argued that Life Time Fitness waived its removal right and that the removal was untimely. After hearing oral argument, this court denied the motion to remand based on waiver. The court took under advisement the issue of whether and when Life Time Fitness was properly served so as to trigger the time to remove.

Based on the motion to remand and the response; the oral argument; the supplemental briefing; and the governing law, the court now denies the motion to remand, finding and concluding that Life Time Fitness was not properly served and that removal was timely. The state court's entry of a no-answer default judgment is vacated. The reasons for these rulings are explained below. A status and scheduling conference is set for **March 10, 2014**, at 5:00 p.m., in Courtroom 11-B.

I.     **Background and Procedural Posture**

    A.     **The State Court Petition**

The McClures filed their petition against Life Time Fitness in state court on October 26, 2012. (Docket Entry No. 1-2 at 2). The petition alleged that Misha McClure went to a Life Time Fitness facility on July 28, 2012 for a personal-training session. She left her 2-year-old son, Chase, at the daycare offered in the facility. Thirty minutes later, a Life Time Fitness manager interrupted the training session to tell Misha McClure that her son had been in an accident and that 911 had been called. Misha McClure found the child held by a Life Time Fitness childcare manager with an ice pack on his ear. When the ice pack was removed, Misha McClure saw that the child was missing a piece of his ear. He received five stitches. The petition alleged that the child had been allowed to play in an area designated for older children. The petition also alleged that the incident left him unable or unwilling to participate in certain activities and afraid to be in a new daycare facility. The McClures alleged negligence, negligent misrepresentation, and premises liability.

    B.     **Service of Process**

The petition stated that "service of process on [Life Time Fitness] may be effected . . . by serving the registered agent of the corporation, Eric J. Buss, at 2902 Corporate Place, Chanhassen, MN 55317, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested." (*Id.* at 3, ¶ 8). The return of citation filed in state court on November 29, 2012 stated that the server, Christopher Howard, delivered "to Eric Buss defendant, in person, a true copy" of the citation and a copy of the petition on November 19, 2012. (*Id.* at 12). That citation included the return receipt for the certified mailing of the citation and petition. The mailing was addressed to: "Life Time Fitness c/o Eric Buss." The restricted delivery box was

2

checked. The receipt shows, and the parties do not contest, that the petition was received by a Life Time Fitness receptionist.

    **C.**  **The Default Judgment and the Motion to Set Aside Default**

On February 15, 2013, the McClures moved for a no-answer default judgment. On April 1, 2013, the state-court judge entered a no-answer default judgment against Life Time Fitness in the amount of $2,013,395.61. On May 10, 2013, the McClures filed a writ of garnishment against what was assumed to be Life Time Fitness's bank, U.S. Bancorp. Life Time Fitness then moved to dissolve the writ of garnishment and vacate the default judgment as invalid for improper service of process. Life Time Fitness also moved, in the alternative, to set aside the default and for a new trial because the failure to appear and file an answer was an inadvertent accident and mistake.

On June 3, 2013, the state-court judge held a hearing on the writ of garnishment that lasted over five hours. Without deciding whether service on Life Time Fitness had been proper in the first place, the judge ordered the bank to release the garnished funds to the McClures under the default judgment.[1] Removal followed.

    **D.**  **Proceedings in this Court**

On June 20, 2013, Life Time Fitness filed its notice of removal. On June 27, 2013, the McClures moved to remand, arguing that Life Time Fitness had waived its removal right.

---

[1] The McClures confusingly describe the June 3, 2013 hearing on the writ of garnishment. The McClures stated that, at the hearing, Life Time Fitness "brought forth witnesses in support of all of its motions. The [state court] ruled in favor of the Plaintiffs, ordering the Garnishee bank to release funds pursuant to the default judgment." While that statement is technically correct, it suggests that the judge addressed all of the pending motions and ruled in the McClures' favor on each of those motions. That is not accurate. The judge noted that witnesses were heard and that it appeared that Life Time Fitness had actual notice of the suit. The judge proceeded to rule on the writ of garnishment without deciding the service of process issue. The record shows that the judge expressly declined to address the motions to vacate or set aside the default. *See* Tr. at 183 ("[The Court:] I'm not judging whether or not the service was proper because that's not in front of me at this hearing.").

U.S. Bancorp, the purported garnishee from the state-court proceedings, removed the state-court garnishment application to federal court on June 7, 2013. *Chase McClure, et al. v. U.S. Bancorp*, No. 4:13-cv-1676. That case was transferred to this court as related to the action that resulted in the default judgment. At some point, the parties realized that U.S. Bancorp was not the proper defendant for the garnishment action. The McClures moved to substitute U.S. Bank National Association as the proper defendant. U.S. Bancorp has opposed that motion.

On June 20, 2013, the McClures filed another writ of garnishment in state court, this time against U.S. Bank National Association. On June 24, 2013, U.S. Bank National Association removed that action, which was also transferred to this court as a related matter.

On August 5, 2013, this court held oral argument on the motion to remand. This court ruled from the bench that Life Time Fitness had not waived its removal right by virtue of litigation activities in the state court before removal. This court ordered further briefing on whether Life Time Fitness had been properly served with process. The garnishment actions were stayed pending the determination of whether the underlying default judgment was valid in the first place.

**II.     Discussion**

    **A.     Service of Process**

If Life Time Fitness was not properly served, the removal was timely and the default judgment cannot stand. As to the first point, "Title 28 U.S.C. § 1446 governs the procedure for removal from state to federal court and requires the defendant in a civil action to file a notice of removal within thirty days 'after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]'" *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)

(citing 28 U.S.C. § 1446(b)). "The Supreme Court clarified this language . . . holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

As to the second point, "[f]or well over a century the rule has been firmly established in [Texas] that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex. 1985) (per curiam); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). The Texas Supreme Court has refused to presume valid service or return of citation in the face of a direct attack on a default judgment. The plaintiff must "affirmatively show strict compliance with the Rules of Civil Procedure." *Uvalde*, 690 S.W. 2d at 885. Failure to make that showing "renders the attempted service of process invalid and of no effect." *Id.*; *see also Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 697 (Tex. 1990). The issue is the effectiveness of the service on Life Time Fitness.

The McClures argue that service and the default judgment were proper because Life Time Fitness knew of the suit. The Texas Supreme Court rejected a similar argument in *Wilson v. Dunn*, 800 S.W.2d at 836. In *Wilson*, the plaintiff acknowledged that service was defective but argued "that the default judgment rendered against [defendant] should nevertheless stand because [he] actually received the suit papers and actually knew of the pendency of the suit." *Id.* The Supreme Court of Texas expressly disagreed with that contention, stating that "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him. . . . Absent service, waiver, or citation, mere knowledge of a pending suit

5

does not place any duty on a defendant to act." *Id.* at 836–37.  The defendant's "knowledge that Wilson had sued him and his actual receipt of suit papers [was] not sufficient to invoke the district court's jurisdiction to render default judgment." *Id. Wilson*'s express holding was that "a default judgment is improper against a defendant who has not been served in strict compliance with the law, even if he has actual knowledge of the law suit." *Id.* at 837 (citing *Higginbotham*, 796 S.W.2d at 697).

"A corporation is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent." *Paramount Credit, Inc. v. Montgomery*, — S.W.3d —, —, 2013 WL 6699497, at *3 (Tex. App. —Houston [1st Dist.] Dec. 19, 2013) (citing *Wohler v. La Buena Vida in W. Hills, Inc.*, 855 S.W.2d 891, 892 (Tex. App. —Fort Worth 1993, no writ)).  A corporation's president, vice president, or "registered agent" may be served. TEX. BUS. ORGS. CODE §§ 5.201(a), 5.255(1).  The Texas Business Code defines a "registered agent" as an individual or organization that is a Texas resident and has consented in writing or electronic form to be the registered agent.  TEX. BUS. ORGS. CODE § 5.201(b).  A corporation must also designate a "registered office" in Texas where process "may be personally served on the entity's registered agent." TEX. BUS. ORGS. CODE § 5.201(a), (c).

Texas Rule of Civil Procedure 106 states that:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served . . . by
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

TEX. R. CIV. PROC. 106(a).  When "the citation was served by registered or certified mail as

authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." TEX. R. CIV. PROC. 107(c). If the individual who signs the receipt of delivery is not the addressee or an agent otherwise capable of receiving service, service of process is fatally flawed.

The return of citation named Eric Buss as the person served, and the receipt-of-delivery green card was addressed to Eric Buss. The person who signed the green card was not Eric Buss. The person who signed was neither the addressee on the receipt-of-delivery card nor named on the citation or return of citation. The person who signed was also not a registered agent of Life Time Fitness or someone otherwise capable of receiving service of process for the corporation. The service of process on Life Time Fitness was "invalid since the record on its face showed the return [receipt] was not signed by the person appointed." *Southwestern Sec. Servs. Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App. –El Paso 2005).[2]

The service of process on Life Time Fitness was defective for another reason as well. The return of citation, among other things, must include the "person or entity served." TEX. R. CIV.

---

[2] *See also Santex Builders, LLC v. Guefen Const., LLC*, No. 14-08-00840-cv, 2009 WL 4810286, at *2 (Tex. App. –Houston [14th Dist.] Dec. 15, 2009) (unpublished) ("[T]he return receipts reflect the addressee for Santex was Santex Builders by serving registered agent Robert W. Tharp Jr.; the addressee was Curtis R. Medlin for Medlin. The officer's returns for certified mail and the return receipts show Daniel G. Ortiz signed for both Santex Builders and Medlin. Daniel Ortiz was not the addressee; therefore, the service of process was defective."); *Houston Precast, Inc. v. McAllen Const., Inc.*, No. 13-07-135-cv, 2008 WL 4352636, at *2 (Tex. App. –Corpus Christi Sept. 25, 2008) (unpublished) ("Here, the return receipt was signed by 'Irene Musselwhite.' Irene Musselwhite was not the addressee; therefore, the service of process was defective."); *Keeton v. Carassco*, 53 S.W.3d 13, 19 (Tex. App. –San Antonio 2001) ("If the return receipt is not signed by the addressee, the service of process is defective. . . . In this case, the return receipt was signed by Laura J. Garcia. Laura G. Garcia was not the addressee; therefore, the service of process was defective." (internal citations omitted)); *Bronze & Beautiful Inc. v. Mahone*, 750 S.W.2d 28, 29 (Tex. App. –Texarkana 1988); *Pharmakinetics Labs., Inc. v. Katz*, 717 S.W.2d 704, 706 (Tex. App. –San Antonio 1986) ("[T]he domestic return receipt is signed by Charlotte Young while the name of the appointee designated to receive service for defendant is listed as Steve Woodman. This discrepancy renders invalid the service of process[.]").

PROC. 107 (b)(5).  The return of citation "is not a trivial or merely formulaic document." *Silver B & Laviolette, LLC v. GH Contracting, Inc.*, No. 03-10-91-cv, 2010 WL 4053791, at *2 (Tex. App. –Austin Oct. 12, 2010) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). "If any of the requirements of Rule 107 are not met, the return is fatally defective[.]" *Id.*  The return of citation in this case did not meet Rule 107's requirements.

The citation was issued as follows:

> TO: LIFE TIME FITNESS INC MAY BE SERVED BY SERVING ITS REGISTERED AGENT ERIC J BUSS 2902 CORPORATE PLACE CHANHASSEN MN 53317.

The return of citation stated that the process server delivered process "to Eric Buss defendant" in person, which was not true.  The return of citation failed to name the defendant or the defendant's registered agent.  The return of citation did not identify Life Time Fitness as the defendant, correctly name the person named in the citation as the registered agent, or state that Eric Buss was the registered agent.  Assuming that Eric Buss was served (he was not), these mistakes make the service of process defective and make service invalid.  The return of service did not strictly comply with the rules of Texas procedure.  The record fails to show that the defendant was served.

This case presents facts similar to those in *Hercules Concrete Pumping Service, Inc.*, 62 S.W.3d 308 (Tex. App. –Houston [1st Dist.] 2001, pet. den.).  In that case, as here, the return of citation was at the bottom of the page containing the citation.  "The citation was directed to: 'HERCULES CONCRETE PUMPING SERVICE INC. (TEXAS CORPORATION) BY SERVING ITS REGISTERED AGENT GEORGE W. BROCK, 1330 GENOA SOUTH[,] HOUSTON TX 77587'" *Id.* at 310 n.4.  The return of citation stated that "____, a corporation (by delivering to George W. Brock, in person) . . . of the said Hercules Concrete Pumping" was served. *Id.* at 310.

The court concluded that this language did "not establish that the person served is in fact the defendant's registered agent for service of process. Nor does it establish that the 'Hercules Concrete Pumping' served was the defendant below, Hercules Concrete Pumping Service, Inc." *Id.* The facts here make the result even clearer than in *Hercules*. The return of citation here misidentified the defendant (neither Eric Buss nor Eric J. Buss is the defendant) and did not establish that Eric Buss, the person served, was the registered agent.

Other courts have found a return of citation invalid for omitting the name of the defendant or a middle initial of the registered agent. *See Baker CATV Constr., Inc. v. Ampro, Inc*., 989 S.W.2d 789, 793 (Tex. App. –Houston [1st Dist.] 1999, no pet.) ("In this case, the original return reflects service on 'James Barker.' It does not state, as it must, that it was delivered to the defendant . . . through its registered agent James M. Barker. . . . The notation 'James Barker' on the original return does not establish that the person served is in fact the defendant's agent." (citations omitted)).

The court asked the McClures to address whether service of process was proper in a supplemental brief. Instead of addressing the court's concerns, the McClures chose to repeat their arguments that Life Time Fitness waived its right to removal by challenging the default judgement in state court. The challenge included subpoenaing the process server on May 20, 2013, moving to vacate on May 24, 2013, participating in the June 3, 2013 hearing, moving to set aside the default judgment on May 30, 2013, and moving to vacate judgment on June 14, 2013.

"A waiver of the right of removal must be clear and unequivocal. In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989) (quotation omitted). The defendant "cannot be said to have waived its statutory right to removal simply by taking preliminary steps in state court

to set aside a default judgment." *Id.*; *see also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) ("A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits.").

The McClures rely on *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) for the proposition that invoking the process of the state court waived the right to removal. The McClures misread that case. The Fifth Circuit later explained that in *Brown*, "the court noted in dictum that substantial participation in state court proceedings might waive one's right to remove a cause and noted that the defendants had participated in state court proceedings for four years. Without resolving whether the defendants waived the right to remove, the court determined that the first-served defendants' failure to seek removal within thirty days prevented a later-joined defendant from removing . . . ." *Tedford*, 327 F.3d at 428 n. 15. The actions that the McClures identify did not waive Life Time Fitness's removal right. Life Time Fitness did not move to dismiss the suit on the merits or take other litigation steps that, separately or together, waive the removal right.

The McClures also argue that participating in the state-court hearing was a general appearance conferring personal jurisdiction over Life Time Fitness. Additionally, the McClures argue that the motion for new trial waived service of process in a way that relates back to the date service was originally attempted. These arguments repackage the waiver arguments addressed above. The McClures fail to cite authority for the proposition asserted. The appearance and the motions do not make the prior service of process effective or waive the right to remove.

The court finds and concludes that the service of process was defective. The motion to remand based on untimely removal or waiver of the removal right is denied.

### B. The State-Court Judgment is Void

The McClures have argued throughout the litigation in this court, starting with the motion to remand, that they have a valid final judgment and that remand is necessary. In its response to the motion for remand, Life Time Fitness argued and briefed the reasons why this court has the authority to vacate the state-court default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 12 at 14 ("Contrary to Plaintiffs' argument, this Court is well within its power and right to maintain this action and vacate the judgment of the state court[.]")). Life Time Fitness fully briefed the reasons for setting aside the state court's default judgment.

On motion and on just terms, the court may relieve a party from a final, order, or proceeding if the judgment is void or "any other reason that justifies relief." FED. R. CIV. PROC. 60(b)(4), (6). Life Time Fitness moved to set aside the default in state court and the McClures argued that they have a valid and final judgment. Life Time Fitness clearly invoked and briefed its request for relief under Rule 60(b). This court finds and concludes that the service of process was defective and the entry of the no-answer default was void, and vacates the default judgment. *See FDIC v. Yancey Camp Dev.*, 889 F.2d 647, 648 (5th Cir. 1989); *Murray v. Ford Motor Co.*, 770 F.2d 461, 462 (5th Cir. 1985).

### III. Conclusion

The court denies the motion to remand and vacates the default judgment. A status and scheduling conference is set for **March 10, 2014** at 5:00 p.m. in Courtroom 11-B.

Because a "judgment that is nonexistent will not support a garnishment judgment," *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 287 (Tex. App. –Houston [1st Dist. 1991), the court will enter orders terminating the pending motions in *Chase McClure, et al. v. U.S.*

*Bancorp, et al.*, No. H-13-1676, and *Chase McClure, et al. v. U.S. Bank Nat'l Assoc.*, No. H-13-1826, dissolving the writs of garnishment, and dismissing those actions.

      SIGNED on February 28, 2014, at Houston, Texas.

                                        Lee H. Rosenthal
                                      United States District Judge